# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMIEL L. WILLIAMS** and **KEVIN WILLIAMS,** : <br> **Plaintiffs** : <br> :     No. 1:23-cv-00667 <br> **v.** : <br> :     (Judge Rambo) <br> **C.O. DIVEN, et al.,** : <br> **Defendants** : | |

## ORDER

**AND NOW**, on this 13th day of July 2023, upon consideration of pro se Plaintiff's complaint (Doc. No. 1), and in accordance with the Court's accompanying Memorandum, **IT IS ORDERED THAT**:

1. Plaintiff is **GRANTED** leave to proceed in forma pauperis (Doc. No. 8), and his complaint (Doc. No. 1.) is **DEEMED** filed;

2. Plaintiff shall pay the full filing fee of $350.00 based on the financial information provided in the application to proceed in forma pauperis. The full filing fee shall be paid regardless of the outcome of the litigation;

3. Pursuant to 28 U.S.C. § 1915(b)(1) and (2), the Superintendent/Warden, or other appropriate official at Plaintiff's place of confinement is directed to deduct an initial partial filing fee of 20% of the greater of:

    a. The average monthly deposits in the inmate's prison account for the past six months, or

    b. The average monthly balance in the inmate's prison account for the past six months.

>The initial partial filing fee shall be forwarded to the Clerk of the United States District Court for the Middle District of Pennsylvania, P.O. Box 1148, Scranton, Pennsylvania, 18501-1148, to be credited to the above-captioned docket number. In each succeeding month, when the amount in Plaintiff's inmate trust fund account exceeds $10.00, the Superintendent/Warden, or other appropriate official, shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to plaintiff's inmate trust fund account until the fees are paid. Each payment shall reference the above-captioned docket number;

4. The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent/Warden of the institution wherein Plaintiff is presently confined;

5. Plaintiff's complaint (Doc. No. 1) is **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

6. Plaintiff's 42 U.S.C. § 1983 ("Section 1983") claims against Defendants Rivello and Grassmyer are **DISMISSED** without leave to amend, and the Clerk of Court is directed to **TERMINATE** Defendants Rivello and Grassmyer from the caption of the docket in this case;

7. Plaintiff's Section 1983 First Amendment retaliation claim against Defendants Diven, Plocinik, Brindle, and Weakland are **DISMISSED** with leave to amend;

8. Plaintiff may file an amended complaint against Defendants Diven, Plocinik, Brindle, and Weakland in accordance with the Federal Rules of Civil Procedure and the standards set forth in the Court's accompanying Memorandum;

9. Plaintiff shall file his amended complaint against Defendants Diven, Plocinik, Brindle, and Weakland within **thirty (30) days** of the date of this Order;

10. The Clerk of Court is directed to mail Plaintiff a civil rights complaint form. Plaintiff shall title that complaint form "Amended Complaint" and shall include the docket number for this case, 1:23-cv-00667;

11. In the event that Plaintiff fails to file an amended complaint within the thirty (30) days, this action may be subject to dismissal; and

12. Plaintiff's motion to submit documentary evidence into the record (Doc. No. 11) is **GRANTED**. The Clerk of Court shall docket entry number 11-1 as a new entry on the Court's docket.

s/ Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge