IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMIEL L. WILLIAMS and
KEVIN WILLIAMS,
    Plaintiffs

    v.

C.O. DIVEN, et al.,
    Defendants

No. 1:23-cv-00667

(Judge Rambo)

## MEMORANDUM

Pro se Plaintiff Jamiel L. Williams ("Plaintiff"), who is a state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"), is currently incarcerated at State Correctional Institution Huntingdon ("SCI Huntingdon") in Huntingdon, Pennsylvania. He commenced the above-captioned action by filing a complaint pursuant to the provisions of 42 U.S.C. § 1983 ("Section 1983"), asserting violations of his constitutional rights while incarcerated there. (Doc. No. 1.) In accordance with the Prison Litigation Reform Act,[1] the Court conducted an initial review of Plaintiff's complaint and dismissed Plaintiff's complaint for failure to state a claim upon which relief could be granted. The Court also granted Plaintiff leave to file an amended complaint. (Doc. Nos. 12, 13.) Currently pending before the Court is Plaintiff's amended complaint. (Doc. No. 14.) For the reasons set forth

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

below, the Court will dismiss Plaintiff's amended complaint for failure to state a claim upon which relief can be granted, and the Court will direct the Clerk of Court to close this case.

## I.     BACKGROUND

On April 21, 2023, Plaintiff filed his original Section 1983 complaint naming himself and Kevin Williams ("Inmate Williams"), a fellow inmate at SCI Huntingdon, as Plaintiffs. (Doc. No. 1 at 1.) Plaintiff, however, subsequently filed a request with the Court, stating that he would like "to proceed [in] the above-captioned civil rights action without 2nd Plaintiff, [Inmate] Williams[.]" (Doc. Nos. 6; 11 at 1 (explaining to the Court that "[Inmate] Williams, is [the] only witness to [the] case, although [Plaintiff] put him as a [p]laintiff, it was wrong").) Thus, the Court treated Plaintiff's original complaint as being filed on his behalf only.

In the original complaint, Plaintiff named the following individuals as defendants, all of whom appear to be employed by the DOC and to have worked at SCI Huntingdon during the period of time relevant to Plaintiff's claims: (1) Corrections Officer Diven; (2) Corrections Officer Plocinik; (3) Corrections Officer Brindle; (4) Sergeant Weakland; (5) Lieutenant S. Grassmyer; and (6) Superintendent/Facility Manager J. Rivello. (Doc. No. 1.) In addition, Plaintiff claimed that these defendants violated his First Amendment rights based upon their alleged interference with his legal mail at SCI Huntingdon. (Id.)

On July 13, 2023, the Court granted Plaintiff leave to proceed in forma pauperis, deemed his original complaint filed, and dismissed his original complaint for failure to state a claim upon which relief could be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). (Doc. Nos. 12, 13.) In addition, the Court granted Plaintiff leave to amend his Section 1983 First Amendment retaliation claim against Defendants Diven, Plocinik, Brindle, and Weakland. (Id.) And the Court dismissed, without leave to amend, Plaintiff's Section 1983 claims against Defendants Rivello and Grassmyer. (Id.; Doc. No. 13 (directing the Clerk of Court to terminate Defendants Rivello and Grassmyer from the caption of the docket in this case).) Finally, the Court granted Plaintiff leave to amend his original complaint and directed Plaintiff to file his amended complaint within thirty (30) days. (Doc. Nos. 12, 13.)

Plaintiff filed his amended Section 1983 complaint on July 28, 2023. (Doc. No. 14.) Plaintiff names the surviving defendants (i.e., Diven, Plocinik, Brindle, and Weakland (collectively, "Defendants")), and he asserts a First Amendment claim against these Defendants based upon their alleged interference with his legal mail. (Id.) In support, Plaintiff sets forth the following allegations against Defendants.[2]

---

[2] In accordance with the legal standard set forth below, the Court accepts these allegations as true and draws all reasonable inferences therefrom in the light most favorable to Plaintiff. See Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017). In addition, the Court heeds the long-standing principle that pro se documents are "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Thus, Plaintiff's pro se complaint, "however inartfully pleaded," will be held to "less

3

On December 21, 2022, at SCI Huntingdon, Defendant Diven "purposely gave" Inmate Williams a "pass belonging to Plaintiff" and directed Inmate Williams to "go off DA-Unit to B-Unit to get legal mail belonging to Plaintiff." (Doc. No. 14 at 4.)  Defendant Diven "never asked for or checked Inmate I.D." to "mak[e] sure [the] right person went to legal mail room."  (Id.; id. at 5 (stating that Defendant Diven "violated Plaintiff by being derlic [sic] of duty on his job post (not checking inmate I.D[.]").)

At the legal mail room, Defendants Plocinik and Brindle gave Inmate Williams mail "belonging to [Plaintiff] that was opened in front of [Inmate] Williams."  (Id. at 4); see also (id. at 5).  Defendant Brindle let Inmate Williams "sign computerized signature stating his acceptance of legal mail[.]"  (Id. at 4, 5.)  Inmate Williams left the legal mail room and returned to DA-Unit.  (Id.)  It was at this point that Inmate Williams "realiz[ed]" the legal mail was not his mail, and so he "gave it to [Plaintiff]."  (Id.)  Plaintiff "made a big fuss" about the situation, and Defendant Weakland "lied to supervisors saying legal mail was given to him and it wasn't him."  (Id.)

---

stringent standards than formal pleadings drafted by lawyers[.]"  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

4

Defendant Weakland "covered up" the wrongdoing of Defendants Diven, Plocinik, and Brindle. (Id.) In addition, Defendant Weakland stated that "he received & checked legal-mail" when Inmate Williams returned to DA-Unit from the legal mail room, and "personally gave" Plaintiff the legal mail. (Id.) Plaintiff contends, however, that he received the legal mail from Inmate Williams. (Id.)

In connection with all of these allegations, Plaintiff claims that Defendants violated his First Amendment rights when they "opened [his] legal mail outside of presence of addressee." (Id. at 6.) As for relief, Plaintiff seeks monetary damages and injunctive relief in the form of the following: "give Plaintiff evidence from Misconduct Report #D643241 & D643236 and change prison policy stating outside agencies reporting wrong doings on inmates, inmates cant have evidence or see it to prove self innocent." (Id.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), district courts are required to review complaints in civil actions where a litigant is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2). If the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, then the district court must dismiss the complaint. See id. In dismissing claims under § 1915(e)(2), district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When evaluating the plausibility of a complaint, the Court is required to "accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." See Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010); Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017) (stating that the court "must accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]" (citation and internal quotation marks omitted)).

Additionally, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se "is to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted).

## III. DISCUSSION

Plaintiff has filed his amended complaint pursuant to the provisions of Section 1983, which provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

See 42 U.S.C. § 1983.  Thus, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." See Shuman v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted).  Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." See id. (citation omitted).

Although Plaintiff's original complaint asserted a First Amendment retaliation claim against Defendants (Doc. No. 1), which was ultimately dismissed by the Court for failure to state a claim upon which relief could be granted (Doc. Nos. 12, 13), Plaintiff's amended complaint does not assert this same claim.  Instead, it asserts a First Amendment claim based upon allegations of interference with his mail.  Compare (Doc. No. 1) with (Doc. No. 14).  Specifically, Plaintiff alleges (a)

7

an incident of mail tampering, in that Inmate Williams was given Plaintiff's legal mail and permitted to open it (Doc. No. 14 at 4–6), and (2) an incident of denial of access to the Courts, in that this particular piece of legal mail could have helped Plaintiff file court paperwork in time and prosecute his innocence in connection with his misconduct report (id. at 5–6). The Court, having carefully reviewed these allegations, finds that Plaintiff's amended complaint fails to state a First Amendment claim upon which relief can be granted.[3]

"The First Amendment, as incorporated in the Fourteenth, prohibits states from 'abridging the freedom of speech.'" See Jones v. Brown, 461 F.3d 353, 358 (3d Cir. 2006) (quoting U.S. Const. Amend. I). The United States Court of Appeals for the Third Circuit has recognized that "state prisoners, by virtue of their incarceration, do not forfeit their First Amendment right to use of the mails, . . . and that a pattern and practice of opening properly marked incoming [legal] mail outside an inmate's presence infringes communication protected by the right to free speech." See id. (citation and internal quotation marks omitted).

---

[3] Even if Plaintiff's amended complaint could be construed as asserting a First Amendment retaliation claim, his claim fails for the same reasons it failed with respect to his original complaint—that is, Plaintiff's amended complaint does not establish that constitutionally protected conduct was a substantial or motivating factor in the decision of Defendants to allow Plaintiff's legal mail to be given to Inmate Williams. Specifically, Plaintiff has not alleged an unusually suggestive temporal proximity between asserted protected activity and the allegedly retaliatory action, or a pattern of antagonism. See Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016).

8

However, a single, isolated incident of opening legal mail outside of an inmate's presence will generally not be sufficient to establish a violation of the inmate's First Amendment rights.  See, e.g., Bieregu v. Reno, 59 F.3d 1445, 1452 (3d Cir.1995), abrogated on other grounds by Lewis v. Casey, 518 U.S. 343 (1996) ("declin[ing] to hold that a single instance of damaged mail rises to the level of constitutionally impermissible censorship . . . "); Gibson v. Erickson, 830 F. App'x 372, 373 (3d Cir. 2020) (unpublished) (stating that "while a pattern or practice of opening legal mail outside the presence of an inmate is sufficient to state a First Amendment violation, . . . a single instance is usually not enough" (citation, internal citation, and internal quotation marks omitted)); Schreane v. Marr, 722 F. App'x 160, 167 (3d Cir. 2018) (unpublished) (recognizing that, "[t]ypically, a violation of an incarcerated plaintiff's right of free speech cannot be established through a single isolated instance of mail interference, as [plaintiff] claims occurred [here]" (citation omitted))); Edney v. Haliburton, 658 F. App'x 164, 167 (3d Cir. 2016) (unpublished) (stating that "[a]n isolated incident of mail tampering is generally insufficient to state a First Amendment violation" (citation omitted)); Iwanicki v. Pennsylvania Dep't of Corr., 582 F. App'x 75, 79 (3d Cir. 2014) (unpublished) (explaining that "a single instance of interference with mail is usually insufficient to constitute a First Amendment violation . . . " (citation omitted)); Nixon v. Sec'y Pennsylvania Dep't of Corr., 501 F. App'x 176, 178 (3d Cir. 2012) (concluding that the plaintiff's "claim

alleging a single, isolated interference with his personal mail was insufficient to constitute a First Amendment violation" (citations omitted)).

Here, the Court finds that Plaintiff's amended complaint asserts no allegations that would require the Court to depart from this general rule. Indeed, Plaintiff does not allege that any of these Defendants read his legal mail or that they confiscated or destroyed it. Rather, Plaintiff alleges that Defendants gave his legal mail and/or allowed it to be given to Inmate Williams, who (coincidentally or not) shares the same last name as Plaintiff. In addition, Plaintiff alleges that Inmate Williams turned this mail over to Plaintiff as soon as Inmate Williams recognized that it belonged to Plaintiff. In other words, Plaintiff appears to have received his legal mail shortly after Inmate Williams took possession of it, but at the very latest, sometime within the same day that Inmate Williams was given Plaintiff's legal mail. Finally, Plaintiff does not allege any specific factual allegations to plausibly show improper motive on the part of Defendants when they gave this mail or allowed this mail to be given to Inmate Williams, specifically.

Thus, for all of these reasons, the Court concludes that Plaintiff's allegations, which stem from one alleged occasion of mail interference, simply do not give rise to a violation of the First Amendment. As such, Plaintiff's First Amendment claim against Defendants will be dismissed.

### B.     Leave to Amend

The final issue is whether Plaintiff should be granted leave to amend his complaint. Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]" See id. The Court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted." See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the Court finds that granting Plaintiff leave to amend his First Amendment claim against Defendants would be futile since a single incident of opening legal mail does not demonstrate a pattern or practice of

improper handling of Plaintiff's legal mail sufficient to state a First Amendment violation. See Nixon, 501 Fed.Appx. at 178, n.1 (affirming district court's dismissal of the state prisoner's First Amendment legal mail claim without leave to amend because any amendment would be futile since the prisoner's underlying claim lacked merit). Accordingly, Plaintiff will not be granted leave to amend this claim

## IV. CONCLUSION

To conclude, the Court will dismiss Plaintiff's amended complaint (Doc. No. 14) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). The Court will not grant Plaintiff leave to amend his amended complaint. Finally, the Court will direct the Clerk of Court to close this case. An appropriate Order follows.

Dated: September 6, 2023              s/ Sylvia H. Rambo
                                      SYLVIA H. RAMBO
                                      United States District Judge